**MODERN FOOD PROCESS CO., Inc., v. CHESTER PACKING & PROVISION CO., Inc.**

Civ. No. 115.

District Court, E. D. Pennsylvania.
Aug. 24, 1939.

Strauch & Hoffman, of Washington, D. C., for plaintiff.

Frank H. Borden, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This is an equity patent infringement suit. After the bill of complaint and answer were filed, the plaintiff filed this motion for bill of particulars.

The bill of complaint alleges infringement of plaintiff's patent embodying a method for making and marketing scrapple and similar foods. The answer, among other things, attacks the validity of the patent on the grounds of prior invention, prior publication, and prior public use. The answer lists twenty-one patents, all of which are therein invoked for the dual purpose of allegedly showing patent anticipation, and also as being illustrative of the prior art, by virtue or through the medium of the specifications and drawings of the said twenty-one letters patent, which drawings and specifications allegedly comprise the prior publications also relied on as one of the defenses to the validity of the patent.

As to the prior use, the defendant, in paragraph 12 of the answer, avers that all the material and substantial parts of the patent were in public use and on sale by three named firms (one of them being the defendant) for the requisite period prior to the application for the plaintiff's patent.

The plaintiff's motion for bill of particulars, in paragraphs 1 and 2, asks the defendant to state which of the twenty-one patents cited are to be relied upon as anticipating the invention of the patent in suit, and which will be relied upon merely to show the state of the art. This is a conventional inquiry where a number of patents are listed in invoking such defenses; the inquiries are proper and should be answered. Lapeer Trailer Corporation v. Freuhauf Trailer Co., D.C., 24 F.2d 595; Teller et al. v. Montgomery Ward & Co., Inc., D.C., 27 F.Supp. 938.

Included among the defenses in the answer was an averment that in the course of the proceedings had in the United States Patent Office in the prosecution of the application for the patent involved in the suit, certain affidavits were introduced which contained inaccuracies, relied upon by the Examiner. The third paragraph of the plaintiff's motion asks that the defendant point out specifically what it maintains are the inaccuracies. This is a perfectly reasonable request; it asks for information which the plaintiff must have in order to enable it to prepare for trial; it comes within the provisions and intent of Rule 12 (e) of the New Rules of Civil Procedure, 28 U.S.C.A. following Section 723c; and the inquiry should be allowed.

Paragraphs 4 to 9, inclusive, of the plaintiff's motion ask (a) that the defendant give particulars as to the detailed nature and steps of the process alleged to have been in public use, or on sale by each of the three named firms, and (b) whether the product, apparatus or process involved in such public sale or use is still in use or in existence, and if it is, when and where it may be inspected.

In my opinion, such inquiries are not within the scope of Rule 12 (e) and the defendant should not be required to answer them.

Defendant should not be required to describe the steps of a process used by another and invoked by the defendant as constituting the defense of prior public use. See Speidel Co. v. Barstow Co., D. C., 232 F. 617, in which the Court refused to require the defendant to give such information when sought by way of interrogatories. As has frequently been observed, information as to matters elicited under Rule 12 (e) become part of the pleadings, and the moving party is permitted to demand that information so that he may be enabled, either properly to prepare his responsive pleadings, or prop-

erly to prepare for trial. Adams v. Hendel et al., D.C., 28 F.Supp. 317. But the information sought here does not fall into such category. What the plaintiff seeks is part of the evidence which the defendant will presumably introduce as establishing its case. Such matters are not to be elicited by a motion for bill of particulars.

An examination of the inquiry upon more general grounds leads to the same conclusion. There is no particular point in requiring the defendant to describe the public use invoked as a defense. The theory of the answer is that this use is essentially the same as that involved in or covered by the plaintiff's patent. If, upon trial, it transpires that there is no such similarity, then that defense will be of no avail. If there is such similarity, there is nothing further to be disclosed by a bill of particulars. The public use is something which, if it is to be effective as a defense, took place for two years prior to the date of the patent. Nothing can be done by either party to alter the situation now. I can see no reason, therefore, for requiring the defendant to disclose part of his testimony—testimony to be used in establishing the defendant's case—prior to trial. This does not mean that the Courts favor surprise testimony. It simply means that the time for the defendant to adduce his testimony is at the trial and no good reason has been advanced for requiring it now.

It may also be noted that since the names and addresses of the alleged prior public users or sellers is disclosed in the answer, there is nothing to stop the plaintiff from making any investigation he wants concerning that defense.

I arrive at the same conclusion anent the request for particulars as to whether the alleged prior public use or sale is still going on, and if so, where and when inspection may be made thereof. Inspection is not properly sought under Rule 12 (e); and while I have in other motions for a bill of particulars under Rule 12 (e) allowed such inquiry upon the ground that other rules permit it, and to require the moving party to file another motion would simply result in delay, I am not disposed to adopt the same course here; largely for the reason that what is sought to be inspected is not under the defendant's control (except, of course, for the defendant's own alleged public use or sale). There is nothing to prevent plaintiff from visiting the firms named in paragraph 12 of the answer and arranging for inspection himself. As for the defendant's own plant, however, there seems no reason why it should not give the plaintiff an opportunity for inspection.

It is, therefore, this 24th day of August, 1939, ordered as follows:

That plaintiff's motion for bill of particulars shall be and is hereby granted as to paragraphs 1, 2, 3, and 7 thereof, and is denied as to paragraphs 4, 5, 6, 8 and 9 thereof; that defendant shall serve and file its bill of particulars hereby ordered, within 20 days from the date of this Order.