WESTMORELAND, APPELLEE, *v.* VALLEY HOMES MUTUAL HOUSING CORP., APPELLANT.

[Cite as Westmoreland v. Valley Homes Corp. (1975), 42 Ohio St. 2d 291.]

(No. 74-527—Decided May 14, 1975.)

292

*Mr. Morris G. Sullivan*, for appellee.
*Mr. John P. Scahill*, for appellant.

PAUL W. BROWN, J.   On March 29, 1973, appellee was ordered to file an amended complaint in the Court of Common Pleas.  Appellee's response did not comply with the court's order, nor with the explicit requirements of Civ. R. 5.   Therefore, the judgment of the Court of Appeals, dismissing the appeal, must be reversed.

A court order granting a motion for a definite statement pursuant to Civ. R. 12(E) requires the filing of an amended pleading or supplemental statement.  5 Wright and Miller, Federal Practice and Procedure, Civil, Section 1379; 3 Milligan, Ohio Forms of Pleading and Practice, Form 12:36.  That document becomes part of the pleadings (*Modern Food Process Co.* v. *Chester Packing & Provision Co.* [E. D. Pa., 1939], 29 F. Supp. 405), and must comply with the service and filing requirements of Civ. R. 5.

That rule provides, in pertinent part:

"(A) * * * [E]very pleading subsequent to the original complaint * * * shall be served upon each of the parties. * * *

"(B) Whenever under these rules service is required * * * upon a party represented by an attorney, the service

shall be made upon the attorney * * *. Service upon the attorney * * * shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. * * *

"(D) All papers, after the complaint, required to .be served upon a party shall be filed with the court within three days after service. Papers filed with the court shall not be considered until proof of service is endorsed thereon, or separately filed. The proof of service shall state the date and manner of service and shall be signed in accordance with Rule 11."

To comply with the foregoing in the present case, appellee was required to serve a copy of an amended complaint upon the appellant's attorney of record, and, within three days of that service, to file the amended complaint in the Court of Common Pleas, with proof of service endorsed thereon or separately filed. The proof of service was required to state the date and manner of service, and to be signed in accordance with Civ. R. 11. The record is devoid of any indicia of compliance.

No docket entry reflects the refiling of the original complaint, nor the filing of an amended complaint or supplemental statement.

No refiling date is stamped upon the original complaint.

The copy of the contract which appears in the record bears no date, no proof of service, nor any other indication as to whether that document was properly filed, or served upon appellant's attorney. There is no evidence to indicate that appellant, at any time, received a copy of any amended complaint.

Before a default judgment could properly be awarded in the present case, the trial court was required to find that appellant had "failed to plead or otherwise defend as provided by these rules." Civ. R. 55(A). Upon this record, such a finding was impossible. Until appellee had properly filed an amended complaint, appellant had no duty to pro-

ceed by way of answer. Because appellant was not in default, no default judgment could be awarded.

In *Hicklin* v. *Edwards* (C. A. 8, 1955), 226 F. 2d 410; *Austin* v. *Smith* (C. A. D. C. 1962), 312 F. 2d 337; *Yox* v. *Durgan* (E. D. Tenn. 1969), 298 F. Supp 1365, and others, federal courts have declared void default judgments awarded where service of process was faulty. In *Moorman* v. *Schmidt* (1904), 69 Ohio St. 328, this court discarded a judgment resting upon an amended complaint filed without leave of court, and without notice to appellant. At page 338, we stated: "The so-called amendment was illegally on file and therefore constituted no part of the pleading."

Unlike F. R. C. P. 60(b), Civ. R. 60(B) does not provide for the vacating of a default judgment. However, the staff notes to Civ. R. 60(B) indicate, and this court, in *Lincoln Tavern* v. *Snader* (1956), 165 Ohio St. 61, specifically held, that such power is inherent in Ohio courts. Pursuant to such authority, we hold the default judgment rendered herein void, and order the case remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.