Appellant Amal A. Assad appeals a judgment of the Stark County Court of Common Pleas overruling her motion to vacate a default judgment entered against her in an action instituted by appellee Ohio Restaurant Administrative Corp.:
ASSIGNMENTS OF ERROR
 1. THE TRIAL COURT LACKED JURISDICTION OVER THE APPELLANT AT THE TIME IT ENTERED A DEFAULT JUDGMENT AGAINST HER, AND THEREFORE, ERRED IN OVERRULING THE APPELLANT'S MOTION FOR RELIEF FROM THE DEFAULT JUDGMENT.
 2. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60 (B) OF THE RULES OF CIVIL PROCEDURE.
 3. THE TRIAL COURT ERRED BY FAILING TO CONDUCT AN EVIDENTIARY HEARING PRIOR TO OVERRULING THE APPELLANT'S MOTION FOR RELIEF FROM THE DEFAULT JUDGMENT PREVIOUSLY ENTERED AGAINST HER.
On September 27, 1995, appellee filed a complaint against four defendants: Restaurant Commercial Group, Inc.; Raed Nussiebeh; A.S. M. Management Corp.; and appellant. Each of the defendants was listed as having the address ". . . 4450 Belden Village Street N.W., Suite 803, Canton, Ohio."
On September 29, 1995, the sheriff served each of three defendants by personal service, leaving the summons with Nussiebeh. At the same time, the sheriff's return of service indicates that the sheriff purported to make ". . . residence service upon Amal Assad on November 29, 1995, by leaving with Raed Nussiebeh (Mrg.)."
On February 23, 1996, an answer and counterclaim was filed on behalf of all four reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action, and give them an opportunity to appear. SamsonSales, Inc. v. Honeywell, inc. (1981), 66 Ohio St.2d 290, 293. Proper service of process is necessary before the court can render a valid default judgment. Westmoreland v. Valley HomesMut. Hous. Corp. (1975), 42 Ohio St.2d 291, 293-94. Therefore, a default judgment rendered by a court without personal jurisdiction over the parties is void. Id.
Civ. R. 4.1 (C) specifies that residence service should be effected by leaving a copy of the process and the complaint, at the usual place of residence of the person to be served, with some person of suitable age and discretion residing therein. Although the receipt in the instant case indicates that residence service was made upon appellant, it is apparent from the receipt that the complaint was left with the manager of a suite at a business address. The summons requested service on appellant in care of ASM Management Corp., a co-defendant in the instant case, and the summons was in fact left with a co-defendant in the instant case.
In order to meet the requirement of due process, service at a business address must be reasonably calculated to reach the intended recipient. Akron Canton Regional Airport Authority v.Swinehart (1980), 62 Ohio St.2d 403, 406. In order to justify service on a defendant at a business address, the party being served must have such a habitual, continuous, repeated physical presence at the business address that the party ordering the service of process would have reasonable grounds to calculate that the service would properly reach the party being served.Bell v. Midwestern Educational Services, Inc. (1993), 89 Ohio App.3d 193,202. The business address should not simply be the
The judgment of the Stark County Common Pleas Court overruling appellant's motion to vacate the default judgment is reversed. Pursuant to App. R. 12 (B), we enter the judgment the trial court should have entered, and vacate the default judgment entered against appellant Amal Assad on August 18, 1997. This case is remanded to the Stark County Common Pleas Court for further proceedings according to law.
By Gwin, J., Wise, P.J., and Hoffman, J., concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court overruling appellant's motion to vacate the default judgment is reversed. Pursuant to App. R. 12 (B), we enter the judgment the trial court should have entered, and vacate the default judgment entered against appellant Amal Assad on August 18, 1997. This case is remanded to the Stark County Common Pleas Court for further proceedings according to law.
--------------------
--------------------
 -------------------- JUDGES