OPINION
Appellants Creative Horizons, L.L.C., and Jesali, Inc. appeal a judgment of the Stark County Common Pleas Court overruling their motion to vacate a default judgment in favor of appellee GBS Corp., dba GBS Printed Products Systems:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED BY ENTERING THE DEFAULT JUDGMENT AGAINST JESALI, INC. BECAUSE IT LACKED PERSONAL JURISDICTION OVER THE DEFENDANT. THE ONLY PROPER ACTION BY THE TRIAL COURT WAS TO DISMISS THE CASE FOR LACK OF PERSONAL JURISDICTION.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED BY OVERRULING JESALI, INC.'S MOTION FOR RELIEF FROM JUDGMENT BECAUSE THE DEFAULT JUDGMENT IS VOID AB INITIO. THE LACK OF PERSONAL JURISDICTION OVER JESALI, INC. RENDERS THE DEFAULT JUDGMENT VOID AND THE MATTER MUST BE DISMISSED FOR WANT OF JURISDICTION.
ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED BY IMPROPERLY CONCLUDING THAT JESALI, INC. WAS NOT A SEPARATE LEGAL ENTITY FROM CREATIVE HORIZONS, L.L.C. OR THAT IT WAS A MERE SUCCESSOR ENTITY. THIS ISSUE WAS NOT BEFORE THE TRIAL COURT AND IS IRRELEVANT TO THE ISSUE OF PERSONAL JURISDICTION.
ASSIGNMENT OF ERROR NO. 4
 THE TRIAL COURT ERRED BY IMPROPERLY CONCLUDING THAT SERVICE ON THE STATUTORY AGENT OF JESALI, INC. CREATES PERSONAL JURISDICTION OVER JESALI, INC. SERVICE OF PROCESS DOES NOT EQUATE TO ATTAINING PERSONAL JURISDICTION OVER A DEFENDANT.
Appellee is an Ohio Corporation with its principal place of business in North Canton. Appellants both maintain their principal place of business in Owings Mills, Maryland. Creative Horizons L.L.C. is a limited liability company formed on December 29, 1994. The members of the company were Publishers Clearing House; Ottenheimer Publishers, Inc.; Allan T. Hirsh, Jr.; and Allan T. Hirsh, III. On October 23, 1998, Appellee GBS and Creative Horizons entered into an agreement whereby appellee printed and sold stickers to appellant Creative Horizons. The stickers were printed and delivered to Creative Horizons; however, appellee claimed that Creative Horizons never paid for the stickers. On December 23, 1998, Allan T. Hirsh, III became the sole shareholder and director of a Maryland Corporation known as A.T. Hirsh, III Enterprises, Inc. On March 26, 1999, A.T. Hirsh, III Enterprises, Inc. purchased the intellectual property of appellant Creative Horizons, including the trade name, for $100,000. On May 7, 1999, the Articles of Incorporation were amended to change the corporate name to appellant Jesali, Inc. Appellee brought the instant action on an account, seeking payment of $34,776, which it claimed appellants owed for the stickers. Appellants failed to answer the complaint, and the Stark County Common Pleas Court granted default judgment on July 12, 1999 in the amount prayed for in the complaint. Appellants then filed a Civ.R. 60(B) motion to vacate the default judgment, claiming that the court lacked personal jurisdiction over them. The court overruled the motion to vacate. As a preliminary matter, appellee argues that appellants' notice of appeal is untimely. If service of notice of judgment is made within a three-day period provided for in Civ.R. 58(B), the 30-day appeal period is deemed to have started on the date of the judgment. App. R. 4(A). However, if an appellant is never served with notice of judgment as required by Civ.R. 58(B), the 30-day appeal period never begins to run. While the judgment entry reflects that copies were sent to all the attorneys of record, the notation of service does not appear in the appearance docket as required by Civ.R. 58(B). According to affidavits of counsel filed with the notice of appeal, appellants first received notice of the default judgment on November 16, 1999. Accordingly, the notice of appeal filed November 17, 1999 is timely.
 I II
We address the first two assignments of error together, as both address the issue of whether the default judgment was void for want of personal jurisdiction. Initially, appellee maintains that appellant failed to demonstrate any basis for relief from judgment as required by Civ.R. 60(B). This court has previously held that because a court has inherent power to vacate the judgment, a party who has asserted lack of jurisdiction need not establish that the requirements of Civ.R. 60(B) have been met. Ohio Restaurant Administration Corporation v. Restaurant Commercial Group (May 24, 1999), Stark App. No. 1998CA00268, unreported, citing Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus. In Ohio Restaurant, the Civ.R. 60(B) motion was not timely filed, as it was not filed within one year. We note that timeliness is the only possible issue under Civ.R. 60(B) to a jurisdictional challenge, as a judgment entered without personal jurisdiction is void. Westmoreland v. Valley Homes Mutual Housing Corp. (1975), 42 Ohio St.2d 291, 293-94. The fact that a judgment is void due to lack of personal jurisdiction would constitute a reason for vacating the judgment pursuant to Civ.R. 60(B)(5), and lack of jurisdiction would constitute a meritorious defense. However, the appropriate recourse is to file a motion to vacate based upon the inherent power of a trial court to set aside a judgment encumbered by a jurisdictional defect. E.g. Durkin v. Gran Turismo Jaguar (December 17, 1999), Lake App. No. 98-L-101, unreported. Regardless of how appellants styled their motion, the motion clearly raised the issue of whether the default judgment was void for lack of personal jurisdiction. The determination of whether a court has in personam jurisdiction over a non-resident requires a two-step analysis. First, the court must look to the words of the forum state's long-arm statute or applicable rule to determine whether jurisdiction lies under the facts of a given case. Second, if the long-arm statute or rule authorizes the exercise of personal jurisdiction, then the court must decide whether actual assertion of jurisdiction would violate due process of law. Goldstein v. Christiansen (1994), 70 Ohio St.3d 232, 235. Under Ohio's long-arm statute and Civil Rules, a court may exercise personal jurisdiction over a person or his agent as to any cause of action arising from that person transacting any business in this state. R.C. 2307.382; Civ.R. 4.3(A)(1). Both the statute and rule are very broadly worded concerning transaction of business. Kentucky Oaks Mall Company v. Mitchell's Formal Wear, Inc. (1990), 53 Ohio St.3d 73, 75, cert denied, (1991), 499 U.S. 975. Transact means to prosecute negotiations, carry on business, or to have dealings in the forum state. Id. The word "transact" embraces in its meaning the carrying on or the prosecution of business negotiations, and is a broader term than the word "contract", which may involve negotiations which have either wholly or partly been brought to a conclusion. Id. The fact that a defendant maintains no physical presence in Ohio does not preclude a finding that it transacted a business in this state. Id. at 76. In fact, the United States Supreme Court has recognized that it is an inescapable fact of modern commercial law that a substantial amount of business is transacted solely by mail and wire communications across state lines, obviating the need for physical presence within the state in which business is conducted. Burger King Corp. v. Rudzewicz (1985), 471 U.S. 462, 476. So long as a commercial actor's efforts are purposefully directed towards residents of another state, the Supreme Court has consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction. Id. In the instant case, appellee received two communications by mail from appellants. The first, dated February 22, 1999, is on Creative Horizons' letterhead, and is signed by Allan Hirsh, III as President of A.T. Hirsh, III, Enterprises, Inc. The letter states that Publishers Clearing House has elected to discontinue their interest in Creative Horizons, and as a result, Creative Horizons has been dissolved. The letter further states that A.T. Hirsh Enterprises has exercised an option to purchase the intellectual property of Creative Horizons, and would continue to do business as Creative Horizons. The letter continues: Under the terms of an agreement, Publishers Clearing House has the obligation to fund the Company's obligations to you. We believe they will honor their obligations shortly so that each and everyone of you will be paid in full. As soon as we receive the funds, your outstanding invoices will be paid.
We, at the new company, look forward to continuing to work with you and building a mutually profitable relationship.
In this letter, A.T. Hirsh Enterprises informed appellee that it had assumed the monetary liability of Creative Horizons. While the letter states that Publishers Clearing House has the obligation to fund the payment, the letter indicates that Creative Horizons will pay the invoice after receiving the money from Publishers Clearing House. This letter demonstrates that Creative Horizons and A.T. Hirsh Enterprises were transacting business in the state. On May 7, 1999, Creative Horizons sent a second letter to appellee, indicating that the name of A.T. Hirsh Enterprises would change to Jesali, Inc., effective June 1, 1999. This letter further stated: We will no longer be trading as Creative Horizons however, as this is only a name change, and not a structure change, we will still honor all obligations of A.T. Hirsh, III Enterprises, Inc.
It is apparent from this correspondence that Jesali was merely a continuation of Hirsh Enterprises, which had assumed the business dealings and obligations of Creative Horizons, including the instant obligation, in the State of Ohio. The record establishes that both Creative Horizons and Jesali, Inc. transacted business within the meaning of Ohio's long-arm statute. We next turn to the question of whether Ohio's assertion of personal jurisdiction over appellants comports with the Fourteenth Amendment due process clause. A state may assert personal jurisdiction over a non-resident defendant if the non-resident has certain minimum contacts with it, such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Company v. Washington (1945), 326 U.S. 310,316. A non-resident defendant has purposefully established minimum contacts where the contacts resulted from actions by the defendant himself that create a substantial connection with the forum, where the defendant deliberately engaged in significant activities in the State, or where the defendant has created continuing obligations between himself and residents of the forum. Burger King, supra, at 475-76. Where the defendant has manifestly availed himself of conducting business within a state, and his activities are shielded by the benefits and protections of the forum's laws, it is presumptively not unreasonable to require him to submit to the burdens of litigation in the forum as well. Id. In the instant case, appellants established minimum contacts with the State of Ohio by establishing a financial obligation with appellee. Under its original formation, Creative Horizons incurred a debt for a product purchased from appellee. After purchasing the intellectual property of Creative Horizons, A.T. Hirsh Enterprises specifically informed appellee, by contacting appellee in the State of Ohio, that when it received the funds from Publishers Clearing House, the obligation would be paid. Upon changing the name to Jesali, Creative Horizons again notified appellee that this was a change in name only, not a structural change, and Jesali would honor all obligations of A.T. Hirsh Enterprises. Appellants clearly presented themselves to appellee as the obligor, despite their statement that the funds would be supplied by Publishers Clearing House. Subjecting appellants to litigation in the State of Ohio does not violate the due process clause of the Fourteenth Amendment. The first and second assignments of error are overruled.
 III
Appellants argued that the court erred in finding Jesali to be the successor entity to Creative Horizons, L.L.C. While appellant is correct that this issue was not yet before the court, as the issue of liability would present itself after the issue of jurisdiction was resolved, the assignment of error is rendered moot by our disposition of assignments of error I and II. The third assignment of error is overruled.
 IV
Appellants argue that the court improperly concluded that service on the statutory agent of Jesali created personal jurisdiction. As the court did not err in concluding that it had personal jurisdiction over the defendants, as discussed in Assignments I and II, the fourth assignment of error is moot. The fourth assignment of error is accordingly overruled.
The judgment of the Stark County Court is affirmed.
By: GWIN, P.J., WISE, J., and EDWARDS, J., concur.