This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Felicia A. Bledsoe has appealed from a judgment of the Summit County Common Pleas Court that denied her motion to vacate a judgment against her and in favor of Thomas and Dawn Keathley, appellees. This Court reverses the judgment because proper service of process was not obtained on appellant.
 I.
During June 1994, appellant was involved in a car accident with appellees in Ohio. Appellant moved to Alabama around June 1995. On June 16, 1996, appellees filed a complaint against appellant. Appellees attempted service on appellant via certified mail to her prior address in Ohio, but were unsuccessful. Appellees then sought service by publication by filing an affidavit, which stated that they made reasonable efforts to locate appellant. Appellees were successful in publishing notice in the Akron Legal News.
On November 22, 1996, appellees filed a motion for default judgment, which the trial court granted. Appellees recorded the judgment with the Ohio Department of Motor Vehicles. During November 1999, appellant attempted to renew her Alabama driver's license and was notified that she had a judgment in Ohio against her. Appellant filed a motion in the trial court to set aside the judgment. On January 28, 2000, the trial court denied the motion.
Appellant has timely appealed, asserting two assignments of error. Before this Court addresses appellant's arguments, we must first determine whether the trial court's judgment is void due to the failure to obtain proper service on appellant.
A court lacks jurisdiction to consider a complaint where service of process was defective, and any judgment rendered on the complaint is voidab initio. Kurtz v. Kurtz (1991), 71 Ohio App.3d 176, 182, citing Rondyv. Rondy (1983), 13 Ohio App.3d 19, 22. Furthermore, Ohio courts have the inherent power to vacate void judgments. See Westmoreland v. Valley HomesCorp. (1975), 42 Ohio St.2d 291, 294.
Civ.R. 4.4(A) provides:
 Except in [a divorce, annulment, or legal separation action in which the plaintiff is proceeding in forma pauperis], if the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of a party or his counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence.
 Upon the filing of the affidavit, the clerk shall cause service of notice to be made by publication in a newspaper of general circulation in the county in which the complaint is filed. If no newspaper is published in that county, then publication shall be in a newspaper published in an adjoining county. The publication shall contain the name and address of the court, the case number, the name of the first party on each side, and the name and last known address, if any, of the person or persons whose residence is unknown. The publication also shall contain a summary statement of the object of the complaint and demand for relief, and shall notify the person to be served that he or she is required to answer within twenty-eight days after the publication. The publication shall be published at least once a week for six successive weeks unless publication for a lesser number of weeks is specifically provided by law. Service shall be complete at the date of the last publication.
 After the last publication, the publisher or its agent shall file with the court an affidavit showing the fact of publication together with a copy of the notice of publication. The affidavit and copy of the notice shall constitute proof of service.
(Emphasis added). Civ.R. 4.4(A).
This Court has held that a party must strictly comply with Civ.R. 4.4(A), and that such failure will result in defective service. SeeGranger v. Sammons (Sept. 2, 1998), Summit App. No. 18819, unreported. InGranger, this Court determined that service was not sufficient because the notice in the Akron Legal News did not contain the address of the trial court. After reviewing the instant case, this Court concludes that, like Granger, appellees failed to include the trial court's address in their notice publication. Consequently, the trial court's judgment granting appellees default judgment is void ab initio. See Granger, Summit App. No. 18819, unreported.
Based on the foregoing, appellant's assignments of error are moot. See App.R. 12(A)(1)(c). The judgment of the trial court is hereby reversed, and this matter is remanded to the trial court for further proceedings.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellees.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P. J., WHITMORE, J., CONCUR