WARD, Appellee,

v.

LUDWIG, Appellant.

[Cite as *Ward v. Ludwig*, 149 Ohio App.3d 687, 2002-Ohio-5948.]

Court of Appeals of Ohio,
Fourth District, Pike County.

No. 02CA681

Decided Oct. 23, 2002.

Ellis, Venable & Busam, L.L.P., Robert L. Ellis and John A. Bell, for appellant.

Garaczkowski & Hoover and Joan M. Garaczkowski, for appellee.

David A. Kopech, for amicus curiae Federal Republic of Germany via its Consulate General.

KLINE, Judge.

{¶ 1} Astrid Ward Ludwig appeals from the Pike County Common Pleas Court's judgment entry, which overruled her motion to vacate a divorce decree. She argues that compliance with the Hague Service Convention is mandatory for service of process by an American upon a German citizen even when (1) the German citizen has actual notice of a legal proceeding, and (2) a German lawyer, not admitted in Ohio and not admitted pro hac vice, filed a response. We agree. Accordingly, we reverse the judgment of the trial court.

I

{¶ 2} Darren E. Ward married Astrid, a German citizen, in Germany in 1987. They had three children—Ariane, born in 1987, Brandon, born in 1988, and Dominic (a.k.a. Domenic), born in 1993. Sometime after the family settled in Ohio, Astrid returned to Germany with Dominic. Darren filed a complaint for divorce against Astrid and served her in Germany by registered mail with a copy of the complaint and related papers. The returned receipt shows that Astrid received the papers. No one personally appeared on her behalf. However, a German lawyer did send purported pleadings on her behalf, even though he was not admitted to the practice of law in Ohio and was not admitted pro hac vice.

Eventually, the trial court entered a default judgment, which granted Darren a divorce, imposed certain financial obligations on Astrid, and granted Darren custody of all three children even though Dominic was still living in Germany with Astrid.

{¶ 3} Astrid, through Ohio counsel, entered an appearance for the limited purpose of contesting the court's jurisdiction and filed a petition to vacate the judgment. She argued that Darren did not serve her by following the Hague Service Convention requirements. The trial court found that Darren complied with Civ.R. 4.5 and that in her divorce pleadings Astrid (1) did not assert the defense of lack of jurisdiction, (2) requested that the divorce be granted, and (3) agreed to Darren's having custody of Ariane and Brandon. Consequently, the trial court denied Astrid's motion to vacate.

{¶ 4} Astrid appeals and raises the following assignment of error: "The Trial Court erred to the substantial prejudice of defendant-appellant Astrid Ward–Ludwig when it failed to vacate the divorce decree despite the fact that Ms. Ward–Ludwig was never properly served with the complaint and summons in compliance with the 'Hague Service Convention,' 20 UST 361, TIAS 6638, 658 UNTS 163, and therefore the trial court lacked jurisdiction."

## II

{¶ 5} Astrid argues that the trial court erred when it found that Darren did not have to comply with the Hague Service Convention. We agree.

{¶ 6} "An Ohio court has inherent power to vacate its own void judgment, irrespective of authority provided by Civ.R. 60(B)." *Demianczuk v. Demianczuk* (1984), 20 Ohio App.3d 244, 245, 20 OBR 305, 485 N.E.2d 785, citing *Westmoreland v. Valley Homes Corp.* (1975), 42 Ohio St.2d 291, 294, 71 O.O.2d 262, 328 N.E.2d 406; *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61, 69, 59 O.O. 74, 133 N.E.2d 606. Thus, "[a] motion to vacate a void judgment need not satisfy the requirements of Civ.R. 60(B)[.]" Id. " 'It is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void.' " *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, 183, 553 N.E.2d 650, quoting *Lincoln Tavern,* supra, at 64, 59 O.O. 74, 133 N.E.2d 606.

{¶ 7} The Hague Service Convention is an international treaty. The United States ratified the treaty in 1969, West Germany in 1979. *Lyman Steel Corp. v. Ferrostaal Metals Corp.* (N.D.Ohio 1990), 747 F.Supp. 389, 399. See, also, *Rhodes v. J.P. Sauer & Sohn, Inc.* (W.D.La.2000), 98 F.Supp.2d 746, 748 (the United States and Germany signed the treaty). This ratified treaty is now "the

supreme Law of the Land" and every state judge shall be bound by it. Clause 2, Article VI, United States Constitution. This international treaty applies to civil cases "where there is occasion to transmit a judicial or extrajudicial document for service abroad[.]" *Lyman Steel Corp.* at 399, quoting 20 U.S.T. at 362, Article 1. The drafters of the treaty tried "to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk* (1988), 486 U.S. 694, 698, 108 S.Ct. 2104, 100 L.Ed.2d 722.

{¶ 8} Article 10 of the treaty provides:

{¶ 9} "Provided the State of destination does not object, the present Convention shall not interfere with—

{¶ 10} "(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

{¶ 11} "(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination."

{¶ 12} Article 21 allows ratifying states to reject certain provisions and add others. West Germany chose to reject Article 10 and follow Article 5. *Lyman Steel Corp.* at 400. Article 5 "establishes a central authority to receive service of documents; and requires the papers served by the central authority to be written in or translated into one of the official languages of the nation addressed[.]" Id. at 399.

{¶ 13} Here, Astrid is a German citizen. Thus, Darren had to follow Article 5 of the Hague Service Convention. Darren had to send the complaint and related papers to a central authority that would serve Astrid only if the papers were translated into German. Hence, the trial court erred when it denied Astrid's motion to vacate.

{¶ 14} Darren argues that even if he had to comply with the Hague Service Convention, Astrid received actual notice, understands the English language, and had a German lawyer file an answer to the complaint. We are not persuaded.

{¶ 15} Like the court in *Lyman Steel Corp.*, we do not think that a trial court should have to determine on a case-by-case basis whether a defendant and her foreign lawyer understand enough of the English language so that they can interpret legal documents. Here, we would have to guess whether Astrid and her German lawyer understand English well enough to interpret the complaint and related papers. We do not know whether the German lawyer prepared the answer to the complaint with a true understanding of the documents and Ohio

law. He prepared the answer in German and stated that a translation would follow, which it did. However, he was not admitted as an attorney-at-law in the state of Ohio and was not admitted pro hac vice. Hence, he was not allowed to make an appearance on Astrid's behalf. R.C. 4705.01. Consequently, actual notice of the complaint and related papers written in the English language and served by registered mail to Astrid is insufficient.

{¶ 16} In addition, even if we assume that Astrid waived personal jurisdiction by filing an answer, or that she is estopped from benefiting from her counsel's unauthorized practice of law, the requirement in Article 5 that a central authority in Germany receive service of documents gives Germany the opportunity to decide whether it wants to participate in the lawsuit or help its citizen in some other way. Here, for example, Germany filed an amicus brief in this appellate court in support of its citizen, Astrid. Germany did not have an opportunity to try to participate in the original action in the trial court because Darren did not send it notice.[1]

{¶ 17} Accordingly, we sustain Astrid's sole assignment of error.

### III

{¶ 18} In conclusion, we sustain Astrid's assignment of error and reverse the judgment of the trial court. We vacate the trial court's divorce decree filed on September 17, 2001, because it is null and void. This cause is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed,
divorce decree vacated
and cause remanded.

EVANS, J., concurs in judgment only.

HARSHA, J., dissents.

HARSHA, Judge, dissenting.

{¶ 19} Because I conclude that the appellant submitted to the trial court's jurisdiction by filing her answer, I dissent.

---

1. An example of a law that requires notice on a nonparty is R.C. 2721.12, which requires the service of notice on the Attorney General before the trial court's jurisdiction is invoked over issues of a statute's constitutionality in a declaratory judgment action. See, e.g., *Cicco v. Stockmaster* (2000), 89 Ohio St.3d 95, 728 N.E.2d 1066 (interpreting former R.C. 2721.12). See, also, *Cleveland Bar Assn. v. Picklo* (2002), 96 Ohio St.3d 195, 772 N.E.2d 1187 (limits notice to the Attorney General to actions filed under R.C. Chapter 2721).