OPINION
{¶ 1} C W Investment Company, plaintiff-appellant, appeals the judgment of the Franklin County Municipal Court granting the motion to vacate filed by Midwest Vending, Inc. ("Midwest"), Charles Elkins, and Timothy Elkins, defendants-appellees.
 {¶ 2} Appellees entered into a written lease agreement with appellant on May 1, 1996, to lease commercial property. Midwest was a distributor of vending machines, and Charles and Timothy were officers of Midwest. The lease term was from May 1, 1996, through April 30, 1998, and was thereafter to be month-to-month. In late May 2002, Timothy informed appellant that Midwest intended to vacate the premises. However, Midwest did not vacate the premises until the first part of June 2002. Appellees did not pay rent for the month of June.
 {¶ 3} On June 20, 2000, appellant filed a complaint for forcible entry and detainer ("FED"), alleging three causes of action: (1) restitution of the premises; (2) rent and late fees; and (3) monetary damages. The summons and complaint were served by ordinary mail June 21, 2000, to the leased premises. The summons and complaint were also posted at the leased premises. Bailiff service on all appellees was issued June 21, 2000, and served at the leased premises June 23, 2000. Appellees did not file an answer to the complaint.
 {¶ 4} On July 7, 2000, the trial court granted restitution of the premises, and on November 21, 2000, the trial court granted default judgment in favor of appellant in the amount of $6,027.89, plus costs and interest. In the spring of 2002, Charles discovered a lien on his home and the existence of the default judgment when he applied for an increased line of credit at a bank. On October 18, 2002, appellees filed a motion to vacate the default judgment. Appellees argued that they had already vacated the leased premises when service was made by ordinary mail and by posting, and, thus, they never received notice of the action. A hearing on the default judgment was held December 6, 2002. The Elkinses testified that they never received the summons and complaint. On December 16, 2002, the trial court entered an order vacating the default judgment against appellees. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
 {¶ 5} "I. The trial court erred in granting the motion of defendants Charles Elkins and Timothy Elkins to vacate the default judgment, where the court found no service of the summons and the complaint on the defendants under R.C. § 1923.06."
 {¶ 6} Appellant argues in its assignment of error the trial court erred in vacating the judgment on the basis that it did not procure proper service upon appellees. A court lacks personal jurisdiction to enter a default judgment against a defendant where effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service. Rite Rug Co., Inc. v. Wilson (1995), 106 Ohio App.3d 59, 62. Absent proper service, the trial court lacks jurisdiction to enter a judgment, and if a judgment is nevertheless rendered, it is a nullity and void ab initio. O.B. Corp. v. Cordell (1988), 47 Ohio App.3d 170, 171.
 {¶ 7} We first note that appellees filed their motion to vacate, and the judge granted such, pursuant to Civ.R. 60(B)(5). However, the authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts. Lincoln Tavern v. Snader (1956), 165 Ohio St. 61, paragraph one of the syllabus; Westmoreland v. Valley Homes Corp. (1975), 42 Ohio St.2d 291, 294; see, also, Internatl. Lottery, Inc. v. Kerouac (1995), 102 Ohio App.3d 660,671. Because a court has the inherent power to vacate a void judgment, a party who claims the court lacked personal jurisdiction as a result of a deficiency in service of process is entitled to have the judgment vacated and need not satisfy the requirements of Civ.R. 60(B). State ex rel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182, paragraph one of the syllabus; Community Ins. Co. v. Sullivan (June 30, 1997), Franklin App. No. 96APE12-1750. Thus, in the present case, the appropriate recourse for appellees to challenge the void judgment was to file a common law motion to vacate. See Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph four of the syllabus. The decision of a trial court regarding a motion to vacate a judgment will not be overturned on appeal absent an abuse of discretion. Hoffman v. New Life Fitness Centers, Inc. (1996),116 Ohio App.3d 737, 739, citing Terwoord v. Harrison (1967),10 Ohio St.2d 170, 171.
 {¶ 8} Appellant argues that service of the summons and complaint was valid pursuant to R.C. 1923.06. R.C. 1923.06(A) provides that any summons in an action for FED, including a claim for possession, must be served as provided in that section. R.C. 1923.06(C) provides that the clerk must mail the summons and complaint by ordinary mail, as evidenced by a certificate of mailing, and must also serve process pursuant to subsection (D) or (E). In the present case, appellant utilized (D)(1)(b), which provides that service must be made by the bailiff of the court when process issues from a municipal court. Subsection (D)(2)(c) provides that if the bailiff cannot locate the person to be served at the premises or cannot leave a copy of the summons and complaint with a person of suitable age found at the premises, the bailiff may effect service by posting a copy of the documents in a conspicuous place on the premises. Subsection (F) provides that service of process is deemed complete on the date that both ordinary mail service under division (C) and service by posting pursuant to division (D)(2)(c) have been made.
 {¶ 9} In the present case, with regard to the FED action requesting restitution of the premises, clearly the service by ordinary mail complied with R.C. 1923.06(C), and the service by posting on the premises complied with R.C. 1923.06(D)(2)(c). Notwithstanding, the issue of service with regard to the FED action is now moot because Midwest has vacated the premises. A FED action decides only the right to immediate possession and nothing else. Seventh Urban, Inc. v. University Circle (1981), 67 Ohio St.2d 19, 25, fn. 11. If immediate possession is no longer an issue due to vacation, and the landlord has restored the property, then continuation of the FED action or an appeal of such is unnecessary, as there is no further relief that may be granted. Long v. MacDonald, Crawford App. No. 3-02-10, 2002-Ohio-4693 (holding that the tenant's appeal is moot regardless of whether the tenant's vacation is voluntary or not); U.S. Secy. of HUD v. Chancellor (Feb. 25, 1999), Cuyahoga App. No. 73970 (tenants' appeal was moot since they vacated the premises). See, also, Riolo v. Navin (Apr. 4, 2002), Cuyahoga App. No. 79809; Blosser v. Bowman (May 1, 2001), Franklin App. No. 00AP-1140. Thus, because appellees have vacated the premises at issue, the FED aspect of this case requesting restitution of the premises is moot.
 {¶ 10} As the FED action is moot, the only two causes of action that remain pending are for rent and late fees and monetary damages. Thus, the issue is whether service upon appellees for these two causes of action was properly perfected. Appellant argues that service pursuant to R.C. 1923.06 should be sufficient for all three causes of action contained within the complaint, not just the restitution of premises cause of action. Appellant maintains that to require a landlord to obtain service with regard to restitution of premises pursuant to R.C. 1923.06, but obtain service with regard to any causes of action for monetary damages pursuant to the Rules of Civil Procedure, though contained in the same complaint and arising out of the same facts, would sacrifice judicial economy and undermine the purpose of FED actions, which is to provide an inexpensive, summary proceeding.
 {¶ 11} There is at least some arguable support for both sides of this issue. It could be argued that service for the restitution of premises action requires only service pursuant to R.C. 1923.06, while service must also be accomplished pursuant to the Civil Rules if the complaint also contains a cause of action for monetary damages. See Smith v. Wright (1979), 65 Ohio App.2d 101 (even when contained in the same complaint, a forcible entry and detainer action and an action for damages arising from the landlord-tenant relationship remain two distinct causes of action, and the two causes of action remain subject to separate procedural rules); Haney v. Roberts (1998), 130 Ohio App.3d 293, 299, citing Smith; Carter v. Russo Realtors (Mar. 7, 2000), Franklin App. No. 99AP-585, citing Haney. Conversely, R.C. 1923.06(G)(2) seems to imply that service for any other claims filed with a claim for restitution of the premises is deemed complete when executed pursuant to R.C. 1923.06.
 {¶ 12} However, we need not decide this issue in the present case. Appellant and appellees have both conceded in their briefs and at oral argument that service was properly executed pursuant to R.C. 1923.06. Thus, for the purposes of this decision only, and without deciding the issue, we will assume arguendo that service of the complaint for all three causes of action had to be completed pursuant to R.C. 1923.06, and appellant complied with its requirements.
 {¶ 13} Nevertheless, even if we assume appellant complied with the requirements of R.C. 1923.06, there was not valid service under the circumstances in the present case. It is a well-established principle that the presumption of proper service may be rebutted by sufficient evidence that service was not actually accomplished. See Cincinnati Ins. Co. v. Emge (1997), 124 Ohio App.3d 61 (rebuttable presumption of proper service); Grant v. Ivy (1980), 69 Ohio App.2d 40 (same). This requires a factual finding by the trial court. The determination of whether service of process was sufficient in any particular case rests on the factual evaluation by the court and is within the sound discretion of the court. Thomas v. Corrigan (1999), 135 Ohio App.3d 340. An abuse of discretion connotes more than a mere error of law or judgment. Rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} At a minimum, due process of law requires notice and an opportunity to be heard. Mathews v. Eldridge (1976), 424 U.S. 319,96 S.Ct. 893. With regard to service of process, due process requires that service be accomplished in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action," and to give them an opportunity to appear. Samson Sales, Inc. v. Honeywell, Inc. (1981), 66 Ohio St.2d 290, 293, citing Mullane v. Cent. Hanover Bank Trust Co. (1950), 339 U.S. 306, 314,70 S.Ct. 652. A determination of whether notice was reasonably calculated to reach the interested party requires a case-by-case examination of the particular facts. Regional Airport Authority v. Swinehart (1980),62 Ohio St.2d 403.
 {¶ 15} In the present case, even if we presume appellant complied with the service requirements in R.C. 1923.06, there was evidence to rebut the presumption of valid service. It is apparent from Charles' and Timothy's uncontradicted affidavits and testimony at the motion hearing that the service upon appellees was not reasonably calculated to apprise them of the pendency of the action. Charles and Timothy averred that they had vacated the premises prior to service being made by ordinary mail and posting at the premises. They averred that they never received service of summons and had no knowledge of the case until mid-2002. Further, appellant was aware, or should have been aware, of appellees' vacation of the leased premises and the uncertainty of their location. Timothy testified that he called one of appellant's general partners, John Wiles, in May 2002, and told him he would be vacating the premises at the end of May. Timothy also averred that appellant knew Midwest had vacated the premises because in the first part of June 2002, he gave the key to the premises to Wiles. The trial court made specific factual findings supporting all of these claims and found that appellant introduced no evidence to rebut the Elkinses' testimony and averments. In the appeal before this court, appellant has not objected to any of the trial court's factual findings and has presented no evidence to dispute the Elkinses' claim that they did not receive service and did not know about the lawsuit. The trial court believed the affidavits and testimony of the Elkinses, and we see no reason to question their credibility. Under these circumstances, we find appellant's service attempt was not reasonably calculated to provide appellees notice of the pending action or provide them an opportunity to respond.
 {¶ 16} Finding that due process was not afforded in this case does not frustrate the purposes of FED actions and R.C. 1923.06. Although the purpose of R.C. Chapter 1923 is to provide a summary, extraordinary, and speedy method for the recovery of possession of real estate, Housing Authority v. Jackson (1981), 67 Ohio St.2d 129, 131, FED actions are not so extraordinary so as to suspend the fundamental tenets of due process. Our determination that tenants must still receive due process in FED cases would not in any way hamper the service procedures afforded to landlords in such actions under R.C. 1923.06. As long as such procedures reasonably apprise the tenant that an action had been initiated against it, such service afforded landlords under R.C. 1923.06 is proper and not subject to later attack by a motion to vacate.
 {¶ 17} Further, our determination under the particular circumstances in the present case does not conflict with the objective of FED actions to decide the right to immediate possession of the property and nothing else. See Seventh Urban, at fn. 11. If immediate possession is no longer an issue due to vacation of the premises, then any delay caused by a later motion to vacate a monetary judgment connected with the FED action does not prejudice the landlord. Appellees in the present case had already vacated the premises by the time appellant filed its FED action. Thus, because the special harm that an FED action is designed to protect, the delayed holdover of tenants, is not at issue in the current case, appellant cannot claim any prejudice.
 {¶ 18} We are also mindful that the law does not favor judgments by default, and "it is a basic tenet of Ohio Jurisprudence that cases should be decided whenever possible on their merits after giving all parties their day in court." Arrow Builders, Inc. v. Delawder (Nov. 30, 2000), Marion App. No. 9-2000-70. In the instant case, appellees face a potential judgment against them in the amount of $6,027.89, plus costs and interest. This court has before noted the Federal courts' observation that "`[m]atters involving large sums [of money] should not be determined by default judgments if it can reasonably be avoided. * * * Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" Estate of Orth v. Inman, Franklin App. No. 99AP-504, 2002-Ohio-3728, quoting United States v. Williams (D.C.Ark. 1952), 109 F. Supp. 456, 461, citing Henry v. Metropolitan Life Ins. Co. (D.C.Va. 1942), 3 F.R.D. 142, 144. Given our analysis that appellees clearly did not receive proper service of the complaint in this case, allowing the default judgment to stand on a large monetary judgment would be inapposite to justice. Justice would best be served by a trial on the merits. Therefore, we find that appellees failed to receive notice consistent with due process, and, thus, the trial court did not abuse its discretion in granting appellees' motion to vacate the default judgment. Appellant's assignment of error is overruled.
 {¶ 19} Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
BOWMAN and KLATT, JJ., concur.