OPINION
{¶ 1} Defendant-appellant, David J. Pishok, appeals a judgment of sentence and conviction entered by the Seneca County Common Pleas Court, finding him guilty of aggravated robbery, complicity to robbery, tampering with evidence, safecracking, carrying a concealed weapon, having weapons while under disability, and possessing criminal tools. Pishok claims that his right to a speedy trial was violated, that he was denied the effective assistance of counsel, that his guilty plea was entered into unknowingly and involuntarily, and that the trial court improperly imposed restitution and costs upon him. We determine that the trial court did not err; accordingly, we overrule Pishok's assignments of error and affirm the decision of the trial court.
 {¶ 2} On July 16, 2001, Pishok and Deborah Howe robbed The Gallery store in Tiffin, Ohio. After a physical confrontation with the store owners, Pishok and Howe fled and the store owners called the police. Later that day, the police apprehended Pishok and Howe in a van matching the description of the van they had used to escape. The police found in the van a gun and items that Pishok and Howe had stolen from The Gallery. Pishok and Howe were arrested, and Pishok was indicted by a grand jury on a variety of charges.
 {¶ 3} On December 26, 2001, Pishok filed a motion to dismiss based on a violation of his speedy trial rights. The trial court found that there was a valid parole holder against Pishok and denied his motion. Pishok then pled guilty to aggravated robbery in violation of R.C.2911.01(A)(3), complicity to robbery in violation of R.C. 2923.03(A)(2) and 2911.01(A)(2), tampering with evidence in violation of R.C.2921.12(A)(1), safecracking in violation of 2911.31(A), carrying a concealed weapon in violation of R.C. 2923.12, having weapons while under disability in violation of R.C. 2923.13(A)(2), and possessing criminal tools in violation of R.C. 2923.24. Pishok received an aggregate sentence of twenty one years of incarceration.
 {¶ 4} Prior to pleading guilty, Pishok had informed his trial counsel that he planned on appealing the speedy trial issue. After he was sentenced, Pishok requested that his attorney file the appeal. Despite this request, his attorney failed to timely file a notice of appeal. This court denied Pishok's subsequent motion for leave to file a delayed appeal,[1] and the Ohio Supreme Court refused to consider his appeal of our denial.[2] It should be noted here that Pishok's trial counsel did not admit, in the motion to file the delayed appeal, that it was counsel's negligence that caused Pishok's appeal to be untimely.
 {¶ 5} Pishok, represented by new counsel, then filed a motion for post conviction relief pursuant to R.C. 2953.21. The trial court, pursuant to State v. Gover, re-sentenced Pishok in order to reinstate the time within which he could file a timely notice of appeal.[3] From this judgment Pishok appeals presenting five assignments of error for our review.
 Assignment of Error III Pishok's right to a speedy trial was violated when he was not broughtto trial within the time allowed by R.C. 2945.71 Et Seq (Dismiss Tr. P.28-29).
 {¶ 6} In this assignment of error, Pishok asserts that his right to a speedy trial under R.C. 2945.71 was violated. He maintains that the parole holder filed against him became void when the Adult Parole Authority ("APA") failed to hold a revocation hearing within two days of filing the holder. Consequently, he argues, the void parole holder should not have been used to justify holding him in custody, and the triple count provision of R.C. 2945.71(E) should have applied.
 {¶ 7} Both the United States and the Ohio Constitution guarantee a criminal defendant the right to a speedy trial.[4] The Ohio Revised Code requires a criminal defendant to be brought to trial within 270 days of his arrest.[5] However, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."[6] This provision is commonly referred to as the triple-count provision. The Supreme Court has ruled that the triple-count provision is only applicable to criminal defendants who are being held in jail solely
on the pending charges.[7] Specifically, they have found that the existence of a valid parole holder prevents the application of the triple-count provision.[8] Therefore, one being held in jail solely on local charges must be brought to trial within 90 days, while one being held in jail on both local charges and a valid parole holder need only be brought to trial within 270 days.
 {¶ 8} It is undisputed in the present case that Pishok was incarcerated for 163 days prior to the filing of his motion to dismiss on speedy trial grounds. The dispute herein centers on the validity of the parole holder filed against Pishok.
 {¶ 9} Ohio Administrate Code 5120:1-1-31(A) gives the department of rehabilitation and correction the authority to file parole holders against parolees whenever there is reasonable cause to believe they have violated any term or condition of their supervision. Further, these administrative regulations state that:
(E) A detainer shall be immediately filed whenever an offender isarrested for a felony of the first, second, or third degree, or formurder or aggravated murder.
 (1) The fact of arrest and filing of the detainer shall be immediatelyreported, orally and in writing, to the unit supervisor. The unitsupervisor, in consultation with the supervising officer shall, withintwo business days following the placement of the detainer:
 (a) Initiate the revocation procedures pursuant to rule 5120:1-1-17 ofthe administrative code; or
 (b) Cancel the detainer * * *
 {¶ 10} The revocation procedures in 5120:1-1-17 state that a defendant must be given a hearing in revocation of release cases.[9]
However, the code also states that parole officers, "have discretion to reasonably impose various sanctions in response to violation behavior. The division of parole and community services may adopt specific procedures to carry out the purpose of this rule."[10]
 {¶ 11} Herein, Pishok claims that a hearing is required within two business days of a parole holder being filed; and, because he did not receive such hearing, the parole holder is invalid. However, Pishok's interpretation of the Administrative Code is flawed.
 {¶ 12} The Administrative Code only requires that within two business days of the filing of a parole holder, revocation procedures are to be commenced.[11] If the intent was to require a hearing, then that specific language must have been used. Further, this section references section 5120:1-1-17, which gives parole officers discretion in executing the revocation procedures. During the hearing on Pishok's motion to dismiss, both an APA employee and a police officer testified that it was the practice of the APA to not hold a hearing on detainers until the local charges had been resolved. The very fact that this procedure exists shows that revocation procedures had been commenced as required. The commencement of revocation procedures within two business days was all that was required. Not, a revocation hearing, as Pishok maintains.
 {¶ 13} Because we find that revocation procedures were initiated within the two business days as provided in the Ohio Administrative Code, we find that the parole holder filed against Pishok was valid and the triple-count provision of R.C. 2945.71(E) does not apply. Accordingly, we overrule Pishok's third assignment of error.
 Assignment of Error I The defendant's right to the effective assistance of counsel guaranteedunder Article I, Section 10 of 16 of the Ohio Constitution and the Sixthand Fourteenth Amendments to the United States Constitution was violatedby trial counsel's failure to advise Pishok of the consequences ofpleading guilty and to object to the consecutive sentences imposed.(Guilty Plea TR. P. 1-27) (Sentencing TR. P. 35-37) (3/25/02 Statementand Praecipe) (A-28)
 {¶ 14} Within his first assignment of error, Pishok maintains that his right to effective assistance of counsel was violated. Before pleading guilty, Pishok informed his trial counsel that he wished to appeal the trial court's decision that his speedy trial rights had not been violated. Trial counsel did not inform Pishok that by pleading guilty he waived any right to appeal the speedy trial issue.[12] Pishok claims that this failure to inform him of his limited appellate rights constituted ineffective assistance of counsel. We disagree with Pishok's contention, and overrule his first assignment of error.
 {¶ 15} The Supreme Court has developed a two prong test for evaluating ineffective assistance of counsel claims.[13] Under the first prong, counsel's performance must be shown to have been deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment."[14] The second prong requires a showing that the deficient performance caused the defendant prejudice.[15] Prejudice will be found where there is a reasonable probability that, but for counsel's errors, the results of the trial would have been different.[16]
Pishok has the burden of proving both prongs of this test.[17] Thus, Pishok must show that his counsel erred and that, absent such error, the outcome of the trial would have been different.[18]
 {¶ 16} We have already discussed the speedy trial issue above. We held the parole holder filed against Pishok was valid, because revocation procedures were properly initiated. Because the parole holder was valid, the triple-count provision did not apply and Pishok's speedy trial appeal would not have been successful. Therefore, we find that Pishok's ineffective assistance of counsel claim fails to meet the second prong of the Strickland test, because the outcome of the appeal was not affected by his trial counsel's deficient performance.
 {¶ 17} It should also be noted that within the language of the first assignment of error, Pishok claims that his trial counsel's failure to object to the imposition of consecutive sentences was ineffective assistance of counsel. However, Pishok fails to even provide this court with a cursory discussion of this topic in his brief. After having reviewed the record, we find that the trial court made all the statutory findings required to impose consecutive sentences.[19] Therefore, we fail to find that it was error for Pishok's trial counsel to fail to object. Accordingly, we overrule Pishok's first assignment of error.
 Assignment of Error II Pishok's guilty plea was unknowingly and involuntarily entereddue to his misunderstanding of the consequence of pleading guiltyin violation of the fifth and fourteenth amendments to theUnited States Constitution.
 {¶ 18} In his second assignment of error, Pishok claims that his guilty plea was not knowingly and voluntarily entered into. The basis for Pishok's claim is that he did not understand that by pleading guilty he was waiving his right to appeal the speedy trial issue.
 {¶ 19} If a defendant does not knowingly, voluntarily, or intelligently enter a plea, or does not know the consequences of a plea, then it is a violation of due process and cannot be enforced under the United States Constitution or the Ohio Constitution.[20] Criminal Rule 11 provides a guideline for courts to follow when deciding whether to accept a criminal defendant's guilty plea. The standard that this court applies is whether there was substantial compliance with Crim.R. 11(C).[21] "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."[22]
 {¶ 20} At the sentencing hearing, the trial court specifically inquired into both the voluntary and knowing nature of Pishok's guilty plea. The state agreed to drop two of the charges against Pishok in exchange for his guilty plea, and both parties agreed to a recommended sentence of twenty one years. The trial judge extensively inquired into Pishok's understanding of the consequences of pleading guilty. Specifically, the trial judge made sure that Pishok understood he was giving up certain legal and constitutional rights. Pishok answered in the affirmative when asked if he understood that he had "limited appellate rights."
Furthermore, at the subsequent post conviction relief hearing, the trial court found that Pishok had knowingly and voluntarily pled guilty. The trial court found that the substantial compliance with Crim.R. 11 was more persuasive than Pishok's "guilty plea remorse."
 {¶ 21} Having reviewed the record, we find that the court properly complied with Crim.R. 11 in accepting Pishok's guilty plea. Therefore, we overrule the second assignment of error.
 Assignment of Error IV The trial court erred by imposing restitution without consideringPishok's ability to pay. (Sentencing Tr. P. 33-37) (A-1)
 Assignment of Error V The trial court erred by imposing costs. (Sentencing Tr. P. 33-37)(A-1).
 {¶ 22} In the final two assignments of error, Pishok argues that the court erred by imposing both restitution and costs. Pishok claims that his status as an indigent made it error for the court to order either restitution or costs.
 {¶ 23} Sentences imposed pursuant to plea agreements are protected from appellate challenges pursuant to R.C. 2953.08(D), which provides that when a sentence is authorized by law and jointly recommended by the defendant and the state, the sentence is not subject to review if it is imposed by the sentencing judge.[23] Herein, both sides agreed to a mutual sentencing recommendation that included both restitution and costs being assessed. Pursuant to R.C. 2953.08(D), Pishok cannot now complain of his bargained for sentence. Accordingly, his fourth and fifth assignments of error are overruled.
 {¶ 24} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Bryant, P.J., and Shaw, J., concur.
[1] State v. Pishok (Apr. 24, 2002), Seneca App. No. 13-02-14.
[2] State v. Pishok, 2002-Ohio-4534, 96 Ohio St.3d 1494.
[3] State v. Gover (1995), 71 Ohio St.3d 577, 580-581.
[4] State v. Brown (1992), 64 Ohio St.3d 476, 478-479, citing Klopferv. North Carolina (1967), 386 U.S. 213, 222; Section 10, Article I, Ohio Constitution; State v. Ladd (1978), 56 Ohio St.2d 197, 200.
[5] R.C. 2945.71(C)(2).
[6] R.C. 2945.71(E).
[7] Brown, 64 Ohio St.3d at 479; State v. Olverson, 10th Dist. No. 02AP-554, 2003-Ohio-1274, at ¶ 31.
[8] Brown, 64 Ohio St.3d at 479-482; Olverson, at ¶ 31-33.
[9] Ohio Adm. Code, 5120:1-1-17(D)(2).
[10] Ohio Adm. Code, 5120:1-1-17(B).
[11] Ohio Adm. Code, 5120:1-1-31(E).
[12] R.C. 2945.71(B)(2); State v. Kelley (1991), 57 Ohio St.3d 127,130; Montepelier v. Greeno (1986), 25 Ohio St.3d 170, 171-172.
[13] Strickland v. Washington (1984), 466 U.S. 668.
[14] Id at 687.
[15] Id.
[16] Id at 694, see, also, State v. Bradley (1989), 42 Ohio St.3d 136,142-143.
[17] State v. Lott (1990), 51 Ohio St.3d 160, 175.
[18] Strickland, 466 U.S. at 689, quoting Michel v. Louisiana (1955),350 U.S. 91, 101.
[19] State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraphs one and two of the syllabus.
[20] State v. Engle (1996), 74 Ohio St.3d 525; State v. Pettry (Mar. 1, 2000), 3rd Dist. No. Nos. 5-99-44 and 5-99-45, unreported.
[21] State v. Ballard (1981), 66 Ohio St.2d 473; State v. Nero (1990),56 Ohio St.3d 106.
[22] Nero, at 108, citing State v. Stewart (1977), 51 Ohio St.2d 86.
[23] State v. Bechstein (Mar. 23, 2001), 3rd Dist. No. 16-2000-14, unreported, citing, State v. Street (Sept. 30, 1998), 3rd Dist. No. 5-98-9, unreported; State v. Bristow (Jan. 29, 1999), 3rd Dist. No. 3-98-21, unreported; State v. Byerly (Nov. 3, 1999), 3rd Dist. No. 5-99-26, unreported.