OPINION
{¶ 1} The defendant-appellant, David J. Pishok ("Pishok"), appeals from the judgment of the Seneca County Common Pleas Court dismissing his petition for post conviction relief without an evidentiary hearing.
 {¶ 2} Pishok was indicted on nine charges by the Seneca County Grand Jury after robbing The Gallery, an antique store located in Tiffin, Seneca County, Ohio. Pishok entered pleas of not guilty on each charge. Prior to trial, Pishok's attorney, Derek DeVine ("DeVine"), filed a motion to dismiss based on speedy trial rights. On January 8, 2002, the trial court overruled the motion to dismiss and held a change of plea hearing. Pishok pled guilty to seven of the nine charges, and the State of Ohio ("State") agreed to dismiss the remaining two charges, strike the repeat violent offender specification on two charges, and recommend a twenty-one year prison sentence. On January 15, 2002, the trial court held a sentencing hearing and sentenced Pishok in accordance with the State's recommendation.
 {¶ 3} Pishok failed to file a timely appeal, but did file a petition for post conviction relief with the trial court. The trial court granted one ground for relief and re-sentenced Pishok, which allowed him to file a direct appeal. Pishok's appeal asserted five assignments of error, which we overruled. See State v. Pishok, 3rd Dist. No. 13-03-43, 2003-Ohio-7118. On November 6, 2003, while his appeal was pending, Pishok filed a second petition for post conviction relief. The trial court dismissed the petition without a hearing on March 10, 2005. Pishok appeals the trial court's dismissal of his petition for post conviction relief and asserts the following assignments of error:
In violation of due process, the trial court denied Mr. Pishok a fairand impartial hearing on his pre-trial motion to dismiss for speedy trialviolation pursuant to R.C. § 2945.71(C)(2) and (E), and erred inoverruling the motion.
 Trial counsel's ineffective assistance induced Mr. Pishok to enter anuncounseled guilty plea that was not knowingly, intelligently, orvoluntarily made in violation of both state and federal constitutions.
 The trial court abused its discretion when it dismissed Mr. Pishok'spost conviction petition without conducting an evidentiary hearing.
 {¶ 4} We begin by addressing the third assignment of error. When a petitioner files a petition for post conviction relief under R.C. §2953.21(A), the trial court is required to determine whether there are substantive grounds for relief. R.C. § 2953.21(C). The statute states in pertinent part:
[i]n making such a determination, the court shall consider, in additionto the petition, the supporting affidavits, and the documentaryevidence, all the files and records pertaining to the proceedings againsthe petition, including, but not limited to, the indictment, the court'sjournal entries, the journalized records of the clerk of the court, andthe court reporter's transcript. . . . If the court dismisses thepetition, it shall make and file findings of fact and conclusions of lawwith respect to such dismissal.
R.C. § 2953.21(C). The trial court has sound discretion in determining whether to grant an evidentiary hearing, and such determination will not be reversed on appeal absent an abuse of discretion. State v.Cunningham, 3rd Dist. No. 1-04-19, 2004-Ohio-5892, at ¶ 13 (citing Statev. Calhoun, 86 Ohio St. 3d 279, 284, 1999-Ohio-102, 714 N.E.2d 905);State v. Chaiffetz, 3rd Dist. No. 9-99-23, 1999-Ohio-872. An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."State v. Adams (1980), 62 Ohio St. 2d 151, 157, 404 N.E.2d 144.
 {¶ 5} Pishok's petition for post conviction relief essentially argues that his Sixth Amendment right to a speedy trial was violated. Pishok also argues that he was denied the effective assistance of counsel because DeVine did not advise him of his appellate rights before he changed his pleas. In reviewing Pishok's petition, the trial court filed a judgment entry on March 10, 2005, which set forth a history of the case, findings of fact, and conclusions of law. Under its findings of fact, the trial court stated in pertinent part:
19. Pishok was completely advised of his appellate rights at his pleahearing.
 20. The plea agreement did not expressly reserve any special right toappeal the speedy trial claim.
 21. Pishok stated at the plea hearing that he was satisfied with [the]advice, counsel and competence of his trial attorney.
 22. Pishok's testimony at the November 21, 2002 hearing was notcredible or reliable.
 23. Pishok's affidavits attached to his petition and amended petitionare also not credible or reliable. His bare accusations that SenecaCounty Prosecuting Attorney Ken Egbert, Jr. and his trial attorney, DerekDeVine, willfully, and with conscious design, submitted false evidenceand perjured testimony to this Court are completely and utterly withoutmerit and without any proof.
J. Entry, Mar. 10, 2005, 5-6. Likewise, under its conclusions of law, the trial court found the Adult Parole Authority holders filed against Pishok after his arrest in this matter were valid; the valid parole holders "precluded the application of the triple-count provision of R.C. 2945.71(E)"; Pishok did not receive the ineffective assistance of counsel because the second prong of the Washington v. Strickland (1984),466 U.S. 668 test cannot be satisfied; the trial court complied with Crim.R. 11; compliance with Crim.R. 11 is more probative than Pishok's "self-serving statements made at the November 21, 2002 hearing and the unsupported allegations contained in his affidavits"; and there is no evidence to support "collusion, conspiracy or fraudulent activity by either Prosecutor Egbert or Attorney DeVine." Id. at 6-7.
 {¶ 6} After making its findings of fact and conclusions of law, the trial court found there were no substantive grounds for relief. Based on this record, we cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably. The third assignment of error is overruled.
 {¶ 7} Having overruled Pishok's third assignment of error, the remaining assignments of error are moot. However, we note that the arguments presented in the first and second assignments of error have been previously overruled by this Court. See State v. Pishok, supra. Therefore, res judicata would bar any argument concerning those issues. The judgment of the Seneca County Common Pleas Court is affirmed.
Judgment affirmed.
 CUPP, P.J., and ROGERS, J., concur.