DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of a June 1, 2007 judgment of the Erie County Court of Common Pleas denying appellant Marvin Reed's "Motion for Reduced Sentence Pursuant to R.C. 2953.21." The motion is directed to sentences imposed for convictions to four felony drug trafficking offenses and an additional felony offense for operation of a motor vehicle to willfully elude or flee a police officer under a judgment filed on December 15, *Page 2 
2006. The Erie County Court of Common Pleas denied the motion to reduce sentence in a judgment entry filed on June 1, 2007. Appellant has appealed the decision to this court.
 {¶ 2} Appellant's direct appeal of his conviction and sentence was considered by this court in State v. Reed, 6th Dist No. E-07-005,2008-Ohio-1573. In a decision and judgment entry issued on March 31, 2008, we affirmed the trial court's judgment determining sentences for the five felony convictions.
 {¶ 3} On April 9, 2008, this court issued a decision and judgment entry, in this appeal, on the issue of whether the trial court's judgment entry filed on June 1, 2007 and denying postconviction relief, was a final appealable order. We determined that the judgment entry of June 1, 2007 was not a final, appealable order as it lacked required findings of fact and conclusions of law mandated under R.C. 2953.21(G). See State ex. rel. Ferrell v. Clark (1984), 13 Ohio St.3d 3. We remanded the case to the trial court to permit it to issue findings of fact and conclusions of law with respect to the judgment and to permit this appeal to proceed. The trial court issued its findings of fact and conclusions of law on May 8, 2008.
 {¶ 4} Appellant asserts two assignments of error in this appeal:
 {¶ 5} "Assignment of Error No. I.
 {¶ 6} "Appellant was denied Due Process when he was not sentenced to the minimum sentence pursuant to statute at the time of his conviction and his sentence being void in light of Foster supra he is entitled to resentencing and the minimum snentence *Page 3 
[sic] pursuant to Sixht [sic] Amendment and Due Process under the Fourteenth Amendment.
 {¶ 7} "Assignment of Error No. II.
 {¶ 8} "The Court failed to grant evidentairy [sic] hearing and issue findings of fact and conclusion of law where claims dehors the record."
 {¶ 9} Appellant's indictment specified that his criminal activity occurred in January and February 2005. The Supreme Court of Ohio issued its opinion in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856
afterwards. Under Assignment of Error No. I, appellant asserts a due process challenge to his sentencing under Foster to the extent the sentences imposed upon him were for more than the statutory minimum sentence.
 {¶ 10} Appellant pled guilty and was convicted of the following offenses: (1) under Count 2, the offense trafficking in cocaine with an enhancement of selling within 1000 feet of the boundaries of a school premises in violation of R.C. 2925.03(A)(1) and (C)(4)(d), a felony of the second degree; (2) under Count 4, the offense of trafficking in cocaine with an enhancement of selling within 1000 feet of the boundaries of a school premises in violation of R.C. 2925.03(A)(1) and (C)(4)(e), a felony of the first degree; (3) under Count 5, the offense preparation of cocaine for sale with an enhancement of preparing within 1000 feet of the boundaries of a school premises in violation of R.C. 2925.03(A)(2) and (C)(4)(e), a felony of the first degree; (4) under Count 6, the offense of trafficking in crack cocaine with an enhancement of selling within 1000 feet of the boundaries of a school premises in violation of *Page 4 
R.C. 2925.03 (A)(1) and (C)(4)(f), a felony of the second degree; and (5) under Count 10, the offense of failure to comply with the order or signal of a police officer with a specification in violation of R.C. 2921.331(B), a felony of the third degree.
 {¶ 11} The trial court imposed the following sentences: (1) on Count 2, a term of imprisonment of four years with mandatory time; (2) on Count 4, a term of imprisonment of six years with mandatory time; (3) on Count 5, a term of imprisonment of six years with mandatory time; (4) on Count 6, a term of imprisonment of four years with mandatory time; and (5) on Count 10, a term of imprisonment of two years.
 {¶ 12} The trial court ordered that the sentences on Counts 4 and 5 run concurrently with each other and be served consecutively to the sentences imposed on Counts 2 and 6. The sentences for Counts 2, 4, 5, and 6 were ordered to be served consecutively to the sentence imposed in Count 10. The court also imposed fines totaling $40,000.
 {¶ 13} Under the sentences imposed, the trial court did not sentence appellant to either minimum or maximum sentences for the offenses. Sentences on some counts were ordered to run consecutively. Others were ordered served concurrently.
 {¶ 14} Appellant raised no objection in the trial court or on direct appeal that the Foster remedy, as applied to him at sentencing, denied him due process of law. The doctrine of res judicata applies to petitions for postconviction relief. State v. Perry (1967),10 Ohio St.2d 175, paragraphs eight and nine of the syllabus. The doctrine *Page 5 
applies to prevent consideration "of any claimed lack of due process" in postconviction proceedings that could have been raised at trial or on direct appeal:
 {¶ 15} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have bee raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."State v. Perry, paragraph nine of syllabus.
 {¶ 16} Appellant's challenge, under due process, to sentencing under the remedy imposed by the State v. Foster decision involves issues of the type that could have been raised in the trial court and on direct appeal and did not require consideration of materials outside of the trial court record. Accordingly, res judicata applies to bar consideration of the due process claims now. See State v. Brown, 8th Dist. No. 84322, 2004-Ohio-6421, ¶ 8. Appellant's Assignment of Error No. I is, therefore, not well-taken.
 {¶ 17} Under Assignment of Error No. II, appellant argues that the court failed to issue findings of fact and conclusions of law and also failed to conduct an evidentiary hearing. As the trial court has now issued the required findings of fact and conclusions of law, we deem that aspect of Assignment of Error No. II is moot.
 {¶ 18} We also conclude that appellant's contention that he was entitled to a hearing on his request for postconviction relief is without merit. Ohio has long recognized that there is no automatic right to a hearing on petitions for postconviction *Page 6 
relief under R.C. 2953.21. Substantive grounds for relief must exist to warrant a hearing. E.g., State v. Jackson (1980), 64 Ohio St.2d 107,110; State v. Smith (2001), 6th Dist. No. L-99-1310.
 {¶ 19} The trial court concluded in its findings of fact and conclusions of law that, after an examination of appellant's motion and all records pertaining to the case, there were no substantive grounds for relief presented in the case and, therefore, no hearing on the request for postconviction relief was required. We agree. Accordingly, we conclude that the trial court did not err in failing to conduct a hearing on appellant's request for postconviction relief. Appellant's Assignment of Error No. II is not well-taken.
 {¶ 20} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in the preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 7 
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1