OPINION *Page 2 
{¶ 1} Plaintiff-appellant Graham Dealerships, CI appeals the September 18, 2007 Judgment Entry of the Mansfield Municipal Court granting Defendant-appellee Alma Chavero relief from judgment, pursuant to Ohio Civil Rule 60(B).
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 22, 2003, Appellant filed the within action in the Mansfield Municipal Court for the deficiency balance on a promissory note signed by Appellee for the purchase of a vehicle from Appellant. Appellant served the complaint on Appellee at her residence via certified mail return receipt requested. The receipt was returned with an illegible signature. Appellee did not file an answer to the complaint, and Appellant moved for default judgment. The trial court granted default judgment in favor of Appellant via Judgment Entry of March 19, 2004.
 {¶ 3} On September 5, 2007, Appellee moved the trial court for relief from judgment, pursuant to Ohio Civil Rule 60(B), stating she was not served with the summons and copy of the complaint. Via Judgment Entry of September 18, 2007, the trial court granted the motion for relief from judgment.
 {¶ 4} Appellant now appeals, assigning as error:
 {¶ 5} "I. THE TRIAL COURT ERRED BY GRANTING DEFENDANT RELIEF FROM JUDGMENT, PURSUANT TO CIVIL RULE 60(b) [SIC]."
 {¶ 6} In Miller v. Booth 2006-Ohio-5679, this Court held:
 {¶ 7} "Proper service of process is an essential component in the acquisition of personal jurisdiction over a party. State ex rel.Strothers v. Madden (Oct. 22, 1998), Cuyahoga App. No. 74547,1998 WL 741909, (citing Holm v. Smilowitz (1992), *Page 3 83 Ohio App.3d 757, 615 N.E.2d 1047). There is a presumption of proper service when the civil rules governing service are followed, but this presumption is rebuttable by sufficient evidence. Id. (citing In reEstate of Popp (1994), 94 Ohio App.3d 640, 641 N.E.2d 739. If service of process has not been accomplished, or otherwise waived, any judgment rendered is void ab initio. Westmoreland v. Valley Homes Mutual HousingCorp. (1975), 42 Ohio St.2d 291, 293-294, 328 N.E.2d 406."
 {¶ 8} In the case sub judice, Appellee filed an affidavit attached to his Civ. R. 60(B) motion stating, in relevant part:
 {¶ 9} "3. I have reviewed the signature on the postal service return receipt delivered `12/31/03' on file in the clerk's records, containing my name. It is not my signature. It is not even close. On that date, I lived with a number of other people, any one of whom may have signed that return receipt. I never received the contents of any certified mail while I was living in Texas. In particular, I have never been served with a summons or complaint for this case."
 {¶ 10} The First District Court of Appeals addressed this issue inOhio Civ. Rights Comm. v. First Am. Properties, Inc. (1996),113 Ohio App.3d 233, 239:
 {¶ 11} "[W]hen it is undisputed that certified mail was delivered to the correct address and that someone at the address accepted the mail, a defendant's affidavit in which he attests that he did not actually receive the process does not necessarily rebut the presumption of valid service. The trial court must hold a hearing on the matter, and the court may properly deny a motion for relief from judgment on the grounds that it does not find the defendant's testimony credible and that there is insufficient evidence of nonservice. Actual service need not be proved to contradict the affidavit." *Page 4 
 {¶ 12} We agree with the First District the burden rests with Appellee to overcome the presumption of service. The mere filing of a self-serving affidavit, without affording Appellant an opportunity to cross-examine the affiant, does not rebut the presumption. At a minimum, Appellant should be afforded the opportunity to contest the affidavit, and cross-examine the affiant.
 {¶ 13} Accordingly, we reverse the September 18, 2007 Judgment Entry of the Mansfield Municipal Court and remand the matter for a hearing in accordance with the law and this opinion.
 Hoffman, P.J., Gwin, J. and Wise, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, we reverse the September 18, 2007 Judgment Entry of the Mansfield Municipal Court and remand the matter for a hearing in accordance with the law and this opinion. Costs assessed to Appellee. *Page 1