OPINION *Page 2 
{¶ 1} Defendant-appellant David J. Pishok ("Pishok") brings this appeal from the judgment of the Court of Common Pleas of Seneca County denying his motion to withdraw his guilty plea. For the reasons discussed below, the judgment is affirmed.
 {¶ 2} Pishok was indicted on nine charges by the Seneca County Grand Jury after robbing The Gallery, an antique store located in Tiffin, Seneca County, Ohio. Pishok entered pleas of not guilty on each charge. Prior to trial, Pishok's attorney, Derek DeVine ("DeVine"), filed a motion to dismiss based on speedy trial rights. On January 8, 2002, the trial court overruled the motion to dismiss and held a change of plea hearing. Pishok pled guilty to seven of the nine charges, and the State of Ohio ("the State") agreed to dismiss the remaining two charges, strike the repeat violent offender specification on two charges, and recommend a twenty-one year prison sentence. On January 15, 2002, the trial court held a sentencing hearing and sentenced Pishok in accordance with the State's recommendation.
 {¶ 3} Pishok failed to file a timely appeal, but did file a petition for post conviction relief with the trial court. The trial court granted one ground for relief and re-sentenced Pishok, which allowed him to file a direct appeal. Pishok's appeal asserted five assignments of error, which we overruled. See State v. Pishok, 3rd Dist. No. 13-03-43, 2003-Ohio-7118. On November 6, 2003, while his *Page 3 
appeal was pending, Pishok filed a second petition for post conviction relief. The trial court dismissed the petition without a hearing on March 10, 2005. Pishok appealed from this dismissal. On October 17, 2005, this court affirmed the judgment of the trial court dismissing the petition for post conviction relief.
 {¶ 4} On January 29, 2008, Pishok filed a motion to withdraw his guilty plea claiming a manifest injustice. The trial court denied the motion without a hearing on February 15, 2008. Pishok now appeals from this judgment and raises the following assignments of error.
 First Assignment of Error [Pishok] was denied his constitutional right to counsel in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States when he changed his pleas of not guilty to guilty in Seneca Criminal Case No. 01-CR-0188.
 Second Assignment of Error The trial court erred as a matter of law and abused its discretion by not granting [Pishok's] motion to withdraw his pleas of guilty in Seneca Criminal Case No. 01-CR-0188.
 Third Assignment of Error The trial court abused its discretion in failing to hold an evidentiary hearing on [Pishok's] motion to withdraw guilty peas in Seneca Criminal Case No. 01-CR-0188.
 {¶ 5} In the first assignment of error, Pishok claims that he was denied his constitutional right to counsel. However, a review of the record indicates that counsel was appointed for Pishok. The trial court ordered on August 2, 2001, that *Page 4 
Pishok be referred to Attorney Derek DeVine for determination of indigent status. The trial court also ordered that "should the defendant be found to be indigent under [R.C. 2949.19], Attorney Derek W. DeVine is hereby appointed to represent defendant as defense counsel." Aug. 2, 2001, Entry. On August 3, 2001, Attorney DeVine entered notice of appearance as counsel of record for Pishok. Aug. 3, 2001, Entry of Appearance. The affidavit of indigency was filed on August 17, 2001. Attorney DeVine represented Pishok through the change of plea and sentencing. On January 24, 2002, the trial court found Pishok to be indigent and officially appointed Attorney DeVine. Although Attorney DeVine was not officially appointed until after sentencing, the attorney had represented Pishok since Aug. 3, 2001. Pishok was clearly aware of the fact that he had counsel since he raised a claim of ineffective assistance of counsel in his direct appeal. That assignment of error was overruled by this court on December 29, 2003.
 {¶ 6} Pishok now claims that he had no counsel because his attorney was not "officially" appointed until after his conviction. First, as discussed above, this court notes that Attorney DeVine entered his notice of appearance on August 3, 2001. The actual finding of indigency and appointment of counsel only affects who is responsible for paying the attorney, not the obligation of an attorney to represent a client. Second, this claim is not newly discovered and could have *Page 5 
been raised on direct appeal. The doctrine of res judicata prohibits a convicted defendant represented by counsel from raising any defense or any claimed lack of due process that was raised or could have been raised in the direct appeal. State v. Reed, 6th Dist. No. E-07-038, 2008-Ohio-2729, ¶ 16. Thus, the claim is barred by the doctrine of res judicata. The first assignment of error is overruled.
 {¶ 7} The second assignment of error alleges that the trial court erred by dismissing the motion to withdraw a guilty plea. "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim. R. 32.1. The sole reason presented by Pishok for the withdrawal of his guilty plea is that the trial court erred by not formally appointing counsel until after his sentence, thus denying him counsel. As discussed above, Pishok did have counsel from arraignment through sentencing. Irrespective of whether counsel was technically appointed at that time, counsel had entered his appearance on behalf of Pishok and was thus bound by his ethical obligations to do so. Counsel did represent Pishok and this court found the representation to be effective. See State v. Pishok, 3d Dist. No. 13-03-43,2003-Ohio-7118. Since Pishok was not denied counsel, his motion to withdraw his guilty plea does not state any manifest injustice which *Page 6 
would require the trial court to grant the motion. The trial court did not err in denying the motion and the second assignment of error is overruled.
 {¶ 8} Finally, Pishok claims that the trial court erred by denying his motion to withdraw his guilty plea without holding an evidentiary hearing. "A trial court is not required to hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea, except when the facts as alleged by the defendant indicate a manifest injustice would occur if the plea were allowed to stand." State v. Thomson, 6th Dist. No. L-05-1213, 2006-Ohio-1224, ¶ 58. Here, Pishok's claim for relief was barred by the doctrine of res judicata. Even if it were not barred, it would not rise to the level of manifest injustice since he suffered no prejudice by the alleged error. Thus, the motion to withdraw his guilty plea showed no substantive grounds for relief. Without such a showing, the trial court did not err by denying the hearing. The third assignment of error is overruled.
 {¶ 9} This court notes that it has previously addressed the question of whether a trial court has jurisdiction to hear a motion to withdraw a guilty plea after the sentence has been affirmed on direct appeal. SeeState v. Bright, 3d Dist. No. 9-07-51, 2008-Ohio-1341. "[A]fter the direct appeal of a judgment is decided, the trial court has no jurisdiction to consider a defendant's [motion to withdraw a guilty plea] and the appropriate action for the trial court is to dismiss the petition." State v. Herbert, 3d Dist. No. 16-06-12, 2007-Ohio-4496, ¶ 14.
PGPage 7 Pishok had a direct appeal. The result of this appeal was an affirmance of the trial court's judgment. Thus, the trial court could not have considered the motion to withdraw the guilty plea because it lacked jurisdiction to do so.
 {¶ 10} The judgment of the Court of Common Pleas of Seneca County is affirmed.
Judgment affirmed.
 SHAW, P.J., and ROGERS, J., concur. *Page 1