[Cite as *Fritz v. Burch*, 2011-Ohio-299.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| MARK FRITZ | : | Julie A. Edwards, P.J. |
|  | : | William B. Hoffman, J. |
| Plaintiff-Appellee | : | Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : | Case No. 2010CA00072 |
|  | : |  |
|  | : |  |
| CARRIE BURCH | : | O P I N I O N |
|  |  |  |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:      Civil Appeal from Stark County
Court of Common Pleas, Domestic
Relations Division, Case No.
2008-CV-00781

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      January 24, 2011

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

MARK FRITZ      JOHN JUERGENSEN
119 Star Circle, S.W.      John L. Juergensen Law Co., LPA
Massillon, Ohio 44646      6545 Market Avenue, North
North Canton, Ohio 44721

*Edwards, P.J.*

{¶1}   Appellant, Carrie Burch, appeals a judgment of the Stark County Common Pleas Court, Domestic Relations Division, granting legal custody and residential parent status of her minor daughter to appellee Mark Fritz, the natural father of the child.

STATEMENT OF FACTS AND CASE

{¶2}   Appellant gave birth to L.B. on September 6, 2006.  On July 14, 2008, appellee filed a complaint to determine a father and child relationship.   Appellee attempted service on appellant at 1445 School Ave., NE, North Canton.  On July 25, 2008, the certified mail green card was signed by appellant's father, who listed his address as 6426 Harborview Ave., NW, Canton.

{¶3}   On September 9, 2008, appellant moved to quash the certified mail service which indicated she had been served at her parents' home.  The motion was denied.  Appellee was named the temporary legal custodian of the child.  Appellant filed a notice of appeal, and the appeal was dismissed by this Court for want of a final, appealable order.

{¶4}   The court conducted a trial on appellee's complaint on March 11, 2010. Counsel for appellant appeared solely to argue that the court lacked personal jurisdiction over appellant because she was never properly served with the complaint. Counsel argued that at the time the complaint was filed, appellee was aware that appellant was moving from the School Ave. address because her lease was not being renewed, and, therefore, the School Ave. address at which service was attempted was not her last known address.  Counsel also argued that appellee and his mother knew in September, 2008, that appellant was living at an address in Bloomington, Indiana, yet

did not attempt service at that location.  Appellant and the child disappeared during the pendency of the action.

{¶5}  The court took evidence on the issue of service.  Appellee testified that when he spoke to appellant in July of 2008, she told him she was moving in with her parents at the Harborview address because her lease at the School Avenue address had not been renewed.  Appellee's mother testified that in September, 2008, she received an anonymous phone call informing her that appellant was living in Bloomington, Indiana, and giving her an address.  Appellee also testified that he received a telephone call from appellant two days before the hearing in which she directed death threats at him, told him he would never find her, and stated that there was "no chance in hell she would ever show her face in Stark County again."  Tr. 10.

{¶6}  The court found that service was properly perfected as evidenced by the certified receipt signed by appellant's father.  After the motion to dismiss was overruled, counsel for appellant withdrew from the hearing.  The court continued with the hearing, concluding that a parent-child relationship existed between appellee and the child, and naming appellee the residential parent and legal custodian of the child.  Appellant assigns a single error on appeal:

{¶7}  "THE TRIAL COURT LACKED PERSONAL JURISDICTION OVER DEFENDANT-APPELLANT CARRIE BURCH."

{¶8}  As this Court noted in *G.F.S. Leasing & Management Inc. v. Mack* (June 27, 2000), Stark App. Nos. 1999CA00391, 1999CA00390, Ohio law clearly provides that a judgment rendered without personal jurisdiction over a defendant is void ab initio rather than voidable. See, e.g., *CompuServe, Inc. v. Trionfo* (1993), 91 Ohio App.3d

157, 161, 631 N.E.2d 1120. Accordingly, a judgment rendered without proper service is a nullity and is void. *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61, 64, 133 N.E.2d 606.

**{¶9}** Civ. R. 4.1 provides for service by certified mail:

**{¶10}** **"Service by certified or express mail.** Evidenced by return receipt signed by any person, service of any process shall be by certified or express mail unless otherwise permitted by these rules."

**{¶11}** There is a presumption of proper service when the civil rules governing service are followed, but this presumption is rebuttable. *Graham Dealerships v. Chavero*, Richland App. No. 2007-CA-0098, 2008-Ohio-2966, ¶7. If service of process has not been accomplished, or otherwise waived, any judgment rendered is void ab initio. Id.

**{¶12}** "Courts will presume service to be proper in cases where the civil rules are followed unless the defendant rebuts the presumption by sufficient evidence." *State ex rel. Fairfield County CSEA v. Landis,* Fairfield App. No. 2002CA00014, 2002-Ohio-5432, ¶17, citing *Bank One Cincinnati, N.A. v. Wells* (Sept. 18, 1996), Hamilton App. No. C-950279.

**{¶13}** Appellant argues that appellee knew she did not live at the School Avenue address when he attempted service at that address in July, 2008. However, appellee testified at the hearing that when he spoke to appellant around Father's Day in 2008, she told him her lease at the School Avenue apartment was not being renewed and she was moving in with her parents. Tr. 7. He further testified that her lease was up in July. Tr. 10. Therefore, at the time the complaint was filed on July 14, 2008, appellee's best

knowledge was that service could be accomplished at the School Avenue address. Appellant failed to present sufficient evidence to rebut the presumption that the certified mail receipt, signed by her father, accomplished proper service.

{¶14}  The assignment of error is overruled.

{¶15} The judgment of the Stark County Common Pleas Court, Domestic Relations Division, is affirmed.




By: Edwards, P.J.

Hoffman, J. and

Delaney, J. concur


_____


_____


_____

                                              JUDGES

JAE/r1013

[Cite as *Fritz v. Burch*, 2011-Ohio-299.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

MARK FRITZ                              :
                                        :
            Plaintiff-Appellee          :
                                        :
                                        :
-vs-                                    :        JUDGMENT ENTRY
                                        :
CARRIE BURCH                            :
                                        :
            Defendant-Appellant         :        CASE NO. 2010CA00072


    For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.  Costs assessed to appellant.


_____


_____


_____

                                    JUDGES