[Cite as *State v. Pishok*, 2011-Ohio-3130.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 13-11-01

      v.

DAVID J. PISHOK,                  O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 01 CR 0188

Appeal Dismissed

Date of Decision: June 27, 2011

APPEARANCES:

    *John M. Kahler, II* for Appellant

    *Derek W. DeVine and Rhonda L. Best* for Appellee

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, David J. Pishok ("Pishok"), appeals the judgment entry of the Seneca Court County Court of Common Pleas, resentencing Pishok to correct an error in the imposition of post-release control. On appeal, Pishok raises several issues pertaining to his original, 2002 guilty plea and sentence, including claims that he was denied effective assistance of counsel; that he was denied a fair hearing on his motion to dismiss for a statutory speedy trial violation; and that his guilty plea was not knowingly, intelligently, or voluntarily entered. For the reasons set forth below, the appeal is dismissed.

{¶2} In July 2001, the Seneca County Grand Jury returned a nine-count indictment against Pishok for various felonies associated with the armed robbery of The Gallery antique store in Tiffin, Ohio. Pishok pled guilty to seven of the nine criminal charges contained in the indictment, without any specifications. The guilty plea was a negotiated plea, which further contained a sentencing recommendation. Pishok was sentenced on January 15, 2002, to an aggregate sentence of twenty-one years of incarceration.

{¶3} Pishok's attorney failed to file a timely appeal, but Pishok did file a petition for post-conviction relief with the trial court. The trial court granted one ground for relief and resentenced Pishok, which allowed him to file a direct appeal. Pishok's appeal asserted five assignments of error, including claims that he

was denied the right to a speedy trial, that he had ineffective assistance of counsel, and that his guilty plea was not knowingly and voluntarily entered. We overruled all five assignments of error and affirmed. See *State v. Pishok*, 3rd Dist. No. 13-03-43, 2003-Ohio-7118. On November 6, 2003, while his appeal was pending, Pishok filed a second petition for post-conviction relief. The trial court dismissed the petition without a hearing on March 10, 2005. Pishok appealed from this dismissal. On October 17, 2005, we affirmed the judgment of the trial court dismissing the petition for post-conviction relief. See *State v. Pishok*, 3d Dist. No. 13-05-11, 2005-Ohio-5467.

{¶4} On January 29, 2008, Pishok filed a motion to withdraw his guilty plea, claiming a manifest injustice. The trial court denied the motion without a hearing. Pishok appealed and this Court affirmed the trial court's decision. See *State v. Pishok*, 3d Dist. No. 13-08-05, 2008-Ohio-3230. Pishok has also filed several other appeals to the Supreme Court of Ohio and petitions for a writ of habeas corpus, all of which have been denied.

{¶5} In 2010, Pishok filed a motion for a resentencing hearing pertaining to the matter of improper notification of post-release control.[1] Counsel was appointed and a resentencing hearing was held. On November 23, 2010, the trial

---

[1] The trial court originally denied the motion for the resentencing hearing. Pishok appealed and, on September 7, 2010, this Court sustained the first assignment of error and remanded the case to the trial court for a resentencing hearing so that Pishok could be properly notified of post-release control. *State v. Pishok*, 3d Dist. No. 13-10-12, Sept. 7, 2010.

court filed its "Judgment Entry of Sentence," imposing the same sentence as in his original judgment entry of sentencing, but properly informing Pishok as to post-release control, and giving him credit for all of the time served to date.

{¶6} On December 3, 2010, Pishok's counsel filed a "Motion to Correct Sentencing Entry," pointing out that there were four typographical errors in the November judgment entry. On December 13, 2010, the State filed a "Response to Motion to Correct Sentencing Entry," stating that it had no objection to the motion to correct the sentencing entry, and added that there was an additional typographical error that needed to be corrected.

{¶7} On December 20, 2010, the trial court filed its "Judgment Entry of Sentence Nunc Pro Tunc to November 10, 2010,"[2] correcting the typographical errors and highlighting those corrections in bold-faced type. The trial court also added the statement that "This Sentencing Entry is nunc pro tunc to November 10, 2010 to correct several clerical errors."[3] There were no other changes to the judgment entry and no substantive changes were made other than the correction of the clerical errors. On January 18, 2011, Pishok filed his notice of appeal "from

---

[2] The resentencing hearing was held on November 10, 2010, but the judgment entry of sentencing from this hearing was not filed until November 23, 2010. Therefore, although the nunc pro tunc entry states that it is correcting clerical errors in the "November 10, 2010" judgment, it really refers to the judgment that was filed on November 23, 2010.
[3] See fn.2.

-4-

the judgment entry of the Seneca County Court of Common Pleas entered on

December 20, 2010," raising the following three assignments of error.

## First Assignment of Error

**The Defendant was denied due process of law when he was denied a fair and impartial hearing on his motion to dismiss for statutory speedy trial violation pursuant to R.C. 2945.71(C)(2) and (E), and by and through the ineffective assistance of counsel, when trial counsel failed to produce and submit into evidence at the hearing readily obtainable legal authority that was favorably dispositive to the Defendant's speedy trial issues.**

## Second Assignment of Error

**The Defendant was denied due process of law when he was denied a fair and impartial hearing on his motion to dismiss for statutory speedy trial violations pursuant to R.C.2945.71(C)(2) and (E), by and through prosecutorial misconduct, when the former Seneca County Prosecuting Attorney knowingly relied on perjured witness testimony to falsely establish the validity of APA hold orders, and spuriously misled the trial court as to the actual inactive status of those hold orders.**

## Third Assignment of Error

**The Defendant's guilty plea was not knowingly, intelligently, or voluntarily entered in violation of the Fifth and Fourteenth Amendments to the United States Constitution, due to trial counsel's clear and unambiguous misrepresentation of basic legal principle in violation of the Sixth and Fourteenth Amendment to the United States Constitution, that effectively induced the Defendant into an uncounseled guilty plea.**

{¶8} Before we can review the merits of Pishok's assignments of error, we

must first determine whether jurisdiction exists to hear this appeal.  Appeal courts

are required to sua sponte raise jurisdictional issues involving final appealable orders. *In re Murray* (1990), 52 Ohio St.3d 155, 159, 556 N.E.2d 1169, fn. 2, citing *Whitaker-Merrell v. Geupel Co*. (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922. A notice of appeal must be filed within thirty days of the entry of the judgment or order appealed, pursuant to App.R. 4(A), or it will be untimely and the court will lack jurisdiction to consider the appeal. *State v. Yeaples,* 180 Ohio App.3d 720, 2009-Ohio-184, 907 N.E.2d 333, ¶14.

{**¶9**} A nunc pro tunc entry is the procedure used to correct clerical errors in a judgment entry, but the entry does not extend the time within which to file an appeal. Id. at ¶15; Crim.R. 36. "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." *State ex rel*. *Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶19 (citations omitted). A corrective judgment does not act to extend the time in which an appellant can file a notice of appeal from the actual final judgment of sentence because it merely clarifies the initial entry and relates back to the time of the filing of the initial entry. *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-299, 943 N.E.2d 1010, ¶15.

{**¶10**} Upon consideration, this Court finds that the trial court's December 20, 2010 nunc pro tunc entry applied retrospectively to the November 23, 2010

judgment which it corrected. It was clearly filed for the sole purpose of correcting clerical errors pursuant to Crim.R. 36. The corrective nunc pro tunc journal entry did not act to extend the time in which Pishok could file his notice of appeal.

{¶11} Accordingly, because Pishok's January 18, 2011 notice of appeal was not filed within thirty days of the original November 23, 2010 judgment entry, we must dismiss this appeal for lack of jurisdiction.

*Appeal Dismissed*

**SHAW and PRESTON, J.J., concur.**

**/jlr**